Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50276 | **DATE** | 8/20/2004 |
| **CASE TITLE** | Davis vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the attached Memorandum Opinion and Order, Davis' Motion for Fees is granted in part and denied in part. This court grants Davis' attorney's fees, pursuant to the EAJA, in the amount of $6877.84 for fees and $163.26 in costs.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | 8-20-04 date docketed | 25 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 8/20/2004 date mailed notice | |
| am | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | am mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ANGIE M. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03 C 50276 |
| | ) |
| JO ANNE BARNHART, | ) P. Michael Mahoney |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## Memorandum Opinion and Order

Angie Davis ("Davis") seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On March 29, 2004, this court remanded for further consideration Davis' application for Disability Insurance Benefits ("DIB"). Davis claims she is entitled to fees under the EAJA because the Commissioner's position in defending the decision of the Administrative Law Judge ("ALJ") was not "substantially justified." For the reasons stated below, Davis' Motion for an Award of Attorney's Fees Pursuant to the EAJA ("Motion for Fees") is granted in part and denied in part.

## Background

The facts of this case have been discussed in greater detail in one of this court's previous opinions, *Davis v. Barnhart*, 03 C 50276, 2004 WL 628239 (N.D. Ill. March 29, 2004), and thus, for the purposes of this motion, this court will only briefly summarize the relevant facts below.

Davis filed for DIB on May 21, 2001, claiming that she was unable to work due to back pain, osteoarthritis, heart problems, ischemic colitis, hypertension, visual deficiencies, asthma, allergies, choking sensation, fibromyalgia syndrome and depression. Davis' application was denied initially

and on reconsideration. She filed and received a hearing before an ALJ, but the ALJ denied her claim. Following a denial of benefits, Davis filed an action seeking judicial review pursuant to 42 U.S.C. § 405(g). This court granted in part and denied in part summary judgment for Davis and remanded the case so that a new Residual Functional Capacity could be determined incorporating Davis' subjective medical complaints. This court also recommended the ALJ proceed to Step Five.

## Discussion

Under the EAJA, Davis is entitled to fees if she is 1) a prevailing party; 2) the position of the United States was not "substantially justified;" 3) no special circumstances exist that would make an award unjust; and 4) a fee application is submitted within thirty days of the final judgment in the action. 28 § U.S.C. 2412(d)(1); *see also Banks v. Barnhart*, No. 01 C 382, 2003 WL 22019796, at *1 (N.D. Ill. Aug. 26, 2003). The Commissioner does not dispute that Davis is the prevailing party or that the application was timely filed. Rather, the only issue is whether the Commissioner's position was "substantially justified."

The fact that the Commissioner did not prevail creates no presumption in favor of awarding fees. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). Rather, the Commissioner bears the burden of showing that the government's position was "substantially justified." *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991). Substantial justification is demonstrated when the government's position is ground in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Elster v. Barnhart*, No. 01 C 4085, 2003 WL 21799938, at *1 (N.D. Ill. July 29, 2003)(quoting *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1078 (7th Cir. 2000)).

A.  *Attorney's Fees*

This court found that the ALJ's decision to deny benefits to Davis was not supported by substantial evidence. Specifically, this court stated that Davis suffers from fibromyalgia syndrome, degenerative disease of the lumbar and cervical spines; degenerative disease of the knees and hands; asthma; ischemic colitis; hypertensive heart disease; and a history of cataracts. Additionally, this court noted that Davis had x-rays, MRIs, CAT scans, and exams from many medical doctors and specialists. Davis' spine was operated on in 1982 and continued to cause her problems and pain. Davis had an abnormal cerebellar testing with finger to nose testing and abnormal Romberg and abnormal eye tracking with saccadic pursuit in both directions. Moreover, Davis had been treated for asthma and numerous cardiac problems. In 1987 Davis had a direct laryngoscope and biopsy with an ulcerated area in the crinoid esphagus noted. Further, Davis suffers from a choking and gagging sensation. She stumbles and falls occasionally. Davis testified she can walk about a block without pain and can stand for ten minutes before getting dizzy. A CAT scan showed compression of the esophagus. Davis complained to numerous doctors of abdominal pain and gastric problems. Her knees bother her from arthritis even with physical therapy. She has numbness and tingling in her toes. Davis' hands hurt and have progressively gotten worse, although Davis testified she can occasionally pick up a button, zip her clothing, pick up a dime, or turn a doorknob. Heberden's nodes are found in her fingers (generally associated with osteoarthritis). Finally, Davis took (and may still take) sixteen different types of medications daily for her various ailments.

What troubled this court was that even considering the above ailments, the ALJ ended at Step Four. Given all Davis' ailments and pains, this court found it hard to fathom how Davis

3

could perform her past relevant work in an assembly position. In fact, as this court noted in its opinion, the ALJ elicited testimony from the vocational expert doubting Davis' ability to perform an assembly position.[1] *Davis*, 2004 WL 628239, at *14.

The ALJ's decision lacks a factual basis. Davis' numerous subjective ailments and the ALJ's reliance on activities such as cooking, dusting, driving to the store and reading to discredit Davis' subjective pain was improper. As this court stated, Davis "does not perform these activities every minute of every day and based on the record this court is not sure how much of Davis' day is pain free and how much consists of pain." *Davis*, 2004 WL 628238, at *15. The ALJ's lack of a factual basis, in turn, made it impossible for this court to follow a clear path of reasoning in the ALJ's decision. This alone demands a finding that the Commissioner was not substantially justified. *See Scott v. Barnhart*, No. 99 C 4651, 2003 WL 1524624, at *4 (N.D. Ill. Mar. 21, 2003)(it is a "well-established legal principle that if an ALJ's decision ... does not allow a court to determine that it has an adequate factual basis ... then the Commissioner's position in relying upon it cannot be substantially justified").

---

[1] Q: Realistically speaking with assembly work the light and the sedentary, realistically speaking, how often must you be able to perform fine manipulation such as fingering and pinching, would this be a requirement of being able to frequently doing so, less than frequently or what?
VE: I think it'd be frequently.
Q: Okay. So –
VE: Frequently at least, you know, with assembly you work with small parts all the time.
Q: All right. So if one were limited to occasional fine or gross manipulation that would eliminate the assembly work?
VE: Yes it would.

(Tr. 108).

4

B.  *Reasonableness of Fees*

Having determined that Davis is entitled to attorney's fees, this court turns to whether the fees requested are reasonable. Davis' attorney requests $10,038.18 in fees and $163.26 in costs, representing 67.5 hours of work at $148.71 per hour. (Mot. for Fees at 2). The Commissioner challenges the 67.5 hours Davis' attorney seeks.

The EAJA provides a statutory cap of $125 per hour on attorney's fees that this court may increase if justified by an increase in the cost of living or special factors. *See* 28 U.S.C. § 2412(d)(2)(A). Other courts in the Northern District of Illinois have found that a "Plaintiff calculates his attorneys' hourly fees by adjusting the statutory figure upward on a month by month basis linked to increases in the cost of living index since March of 1996 when the EAJA was last amended." *Banks v. Barnhart*, No. 01 C 382, 2003 WL 22019796, at *5 (N.D. Ill. Aug. 26, 2003) Davis' hourly rate for attorney's fees appears appropriately calculated.

Davis has the burden of proving that her fee request is reasonable and to support it with documentation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Davis has provided a detailed time sheet of attorney Howard Prestwich with her motion. The Commissioner disputes some of Mr. Prestwich's individual entries. Specifically, the Commissioner questions Mr. Prestwich's request for 36 hours (nearly one full week) in researching and writing Davis' Motion for Summary Judgment and 18.5 hours researching and writing Davis' reply to the Commissioner's memorandum. (Def.'s Resp. at 7). Additionally, the Commissioner disputes Mr. Prestwich's request for 3 hours going to and from the courthouse in Rockford, Illinois to file various documents in this case.

In response, Mr. Prestwich argues that "given the size of the administrative record, which

5

contained more than four hundred pages of medical records, (in this case the medical records were twice as voluminous) and the fact specific nature of the case, the requested hours were reasonable." (Pl.'s Reply at 3). While this court does not disagree with Mr. Prestwich that this case did entail a very voluminous administrative record, this court nevertheless reduces the number of hours. Specifically, this court reduces the following: the time spent on the Motion for Summary Judgment and Memorandum in Support to 25 hours; and the time spent on researching and writing the Reply Brief to 10 hours. In total, Mr. Prestwich's Motion for Summary Judgment, Memorandum in Support, and Reply Brief were 20 pages. While not a minuscule amount, this court finds given the nature of this case and the fact that this court's remand stemmed from reasoning outside that provided by Mr. Prestwich, this court finds, based on this court's knowledge and history with dealing with these types of issues, 35 hours to be a reasonable amount for researching and drafting a Motion for Summary Judgment, a Memorandum in Support, and a Reply Brief. Additionally, this court eliminates the 1.50 hours charged for going to and from the U.S. Courthouse in Rockford, Illinois to file forms and the .25 hours charged for to and from the post office. Mr. Prestwich could have mailed the forms to the U.S. Courthouse in Rockford, Illinois.

Therefore, after weighing all the evidence presented and based on this court's knowledge and experience with the instant issue, this court finds Mr. Prestwich is entitled to 46.25 hours at $148.71 per hour for a total of $6877.84. Further, Mr. Prestwich is entitled to $163.26 in costs.

## Conclusion

For the above stated reasons, Davis' Motion for Fees is granted in part and denied in part. This court grants Davis' attorney's fees, pursuant to the EAJA, in the amount of $6877.84 for fees and $163.26 in costs.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 8/20/04